IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **TERRY LEE AVERY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | No. 3:13-CV-58 (CAR) |
| **CAROLYN W. COLVIN,** | : | **Social Security Appeal** |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER ON THE RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the United States Magistrate Judge's Recommendation [Doc. 13] to affirm the Commissioner of Social Security's decision denying Plaintiff Terry Lee Avery's application for disability benefits. Plaintiff filed an Objection to the Recommendation. Having considered the Objection and conducted a *de novo* review of the matters raised therein, the Court agrees with the findings and conclusions of the Magistrate Judge.

In his Objection, Plaintiff mainly reiterates the same arguments previously considered and fully addressed by the Magistrate Judge. Plaintiff does, however, raise an entirely new argument in his Objection. In his initial brief before the Magistrate Judge, Plaintiff argued that the ALJ erred by failing to consider evidence of Plaintiff's monthly back treatment with Dr. Holladay from July 2011 through January 2012. As fully explained in the Recommendation, however, these records were submitted to the Appeals Council

<u>after</u> the ALJ rendered his decision.  Because the evidence was not a part of the record before the ALJ, the Magistrate Judge found the ALJ did not err by failing to consider it.  Recognizing this fact, Plaintiff now argues the Appeals Council erred in denying review of the ALJ's decision in light of the new evidence submitted after the ALJ rendered his decision.  Although the Court is not obliged to consider an argument raised for the first time in an objection,[1] the Court will address the merits of this argument.

The Appeals Council must review the ALJ's decision if, after review of the entire record, including new and material evidence related to the period on or before the date of the ALJ's decision, the Appeals Council finds that the ALJ's decision is contrary to the weight of the evidence currently in the record.[2]  "[N]ew evidence is material, and thus warrants a remand, if 'there is a reasonable possibility that the new evidence would change the administrative outcome.'"[3]

> When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence. If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and [the court] must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'[4]

---

[1] *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge.").
[2] 20 C.F.R. § 404.970(b); 20 C.F.R. § 416.1470(b); *see also Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x 735, 745 (11th Cir. 2011).
[3] *Flowers*, 441 F. App'x at 745 (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987)).
[4] *Id.* (quoting *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)).

Here, the Appeals Council received new evidence in the form of treatment notes from Dr. Holladay, a pain specialist who treated Plaintiff from July 2011 to January 2012. Plaintiff contends there is a reasonable probability that the new evidence would have changed the ALJ's decision, and, therefore, the Appeals Council erred in "merely perfunctorily adher[ing]" to the ALJ's decision.  The Court disagrees.

In its order denying review of the ALJ's decision, the Appeals Council stated it "considered the reasons [Plaintiff] disagree[d] with the decision <u>and</u> the additional evidence listed on the enclosed Order of Appeals Council."[5]  The Appeals Council specifically listed the treatment records from Athens Pain Management (including Dr. Holladay's treatment notes), as part of the additional evidence considered in reaching its decision.[6]

While the Court acknowledges that the Appeals Council used boilerplate language in this case, this language in and of itself does not establish that the Appeals Council "merely perfunctorily adhere[d]" to the ALJ's decision.  On the contrary, the statement in the Appeals Council's decision "establishes that the Appeals Council did evaluate and consider the evidence and chose to deny review based on that evaluation."[7]  Therefore, the Appeals

---

[5] Tr. at 2 [Doc. 9-2].
[6] *Id.* at 5-6.
[7] *Cole v. Comm'r of Soc. Sec.*, 2013 WL 440576, at *3 (M.D. Fla. Jan. 17, 2013) (found Appeals Council did not perfunctorily adhere to ALJ's decision with the same language as used by the Appeals Council in the present case); *Smith v. Soc. Sec. Admin.*, 272 F. App'x 789, 801 (11th Cir. 2008) (the Appeals Council properly considered new evidence when the Appeals Council stated it "considered the reasons [the plaintiff] disagreed with the decision and the additional evidence listed on the enclosed Order of Appeals Council").

Council did not "perfunctorily adhere" to the ALJ's decision, and, thus, Plaintiff's argument fails.

Accordingly, the Recommendation [Doc. 13] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.  The final decision of the Commissioner is **AFFIRMED**.

**SO ORDERED,** this 30th day of September, 2014.

<u>S/  C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP